UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| WATER CONSERVATION TECHNOLOGY INTERNATIONAL, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEBURG FOREST PRODUCTS CO., an Oregon corporation; and DOES 1-10,<br><br>    Defendant. | No. 2:16-cv-02151-SB<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss, ECF No. 8. On September 9, 2016, Plaintiff Water Conservation Technology International, Inc. (WCTI) filed a complaint for patent infringement against Defendants Roseburg Forest Products Co. (Roseburg) and Does 1-10. ECF No. 1. Roseburg filed a motion to dismiss on November 4, 2016 for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 8. For the reasons set forth herein, Roseburg's motion to dismiss is granted, in part, and denied, in part. Insofar as WCTI states a claim against Roseburg for direct infringement, Roseburg's motion to dismiss is denied. Insofar as WCTI states a claim against Doe Defendants 1-10, Roseburg's motion is granted.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 1

## Standard

Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The complaint "does not need detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations must be enough to raise a right to relief above a speculative level. *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The *Towmbly/Iqubal* plausibility pleading standard applies to this patent case. *See McAfee Enters., Inc. v. Yamaha Corp. of America*, No. 2:16-2562BRO(FFM), 2016 WL 6920675 at *3 n.3 (C.D. Cal. June 24, 2016).

//

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 2

## Analysis

WCTI's allegations arise under 35 U.S.C. § 271. Section 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Anyone who "actively induces infringement of a patent" is likewise liable as an infringer. *Id.* § 271(b). WCTI's patents are all method patents. "A patent for a method or process claim is not infringed unless all of the steps or stages of the process are used." *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963).

WCTI states claims for direct single infringement and direct joint infringement. Specifically, WCTI states claims under a theory of direct single infringement against Defendant Roseburg, and under a theory of direct joint infringement against Defendant Roseburg and Doe Defendants 1-10, jointly. ECF No. 1. The Federal Circuit noted the distinction in *Lyda v. CBS Corp.*, 838 F.3d 1131 (Fed. Cir. 2016):

> "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a *single entity*." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). While a typical claim of direct infringement requires proof that a defendant performs each step of the claimed method, joint infringement requires more. To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement. This court has held that an entity will be responsible for others' performance of method steps in two circumstances: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.* Therefore, like claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement to which Form 18 is directed.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 3

*Id.* at 1338-39.

## Defendant Roseburg

To state a claim for direct single infringement of a method patent, a plaintiff must demonstrate that "defendant performs each step of the claimed method," and that "all steps of a claimed method are performed by or attributable to a single entity." *Id.* Roseburg asserts two primary arguments as to why WCTI's Complaint does not state a plausible claim for relief under this theory: (1) that *Twombly/Iqbal* requires WCTI to plead *what* Roseburg is allegedly doing that infringes any of the claims in WCTI's five asserted patents, and *how* its equipment and process allegedly infringe the five asserted patents; and (2) that WCTI has failed to allege the control of specific parameters required by Claim 1 of each asserted patent.

*How Roseburg Infringes.* Roseburg cites multiple district court cases for the proposition that WCTI must provide facts as to how Roseburg is allegedly infringing on each of the asserted patent claims. *See Mike Murphy's Enters., Inc. v. Fineline Indus.*, LLC., No. 1:16-cv-784-LJO-SAB, 2016 WL 4160756 (E.D. Cal. Aug. 5, 2016); *TeleSign Corp. v. Twilio, Inc.*, No. CV16-2106PSG(SSx), 2016 WL 4703874 (C.D. Cal. Aug. 3, 2016). Neither of the cited cases are on point. In *Mike Murphy's Enterprises*, Plaintiff Mike Murphy's Enterprises claimed that Defendant Fineline Industries (Fineline) infringed on its patented boat technology. *Mike Murphy's Enters., Inc.*, 2016 WL 4160756 at *1. Plaintiff merely alleged that defendant makes boats that "come within the scope of at least one claim of the '099 Patent, and/or that comes within a range of equivalents of at least one claim of the '099 Patent, and/or contribut[e] to the infringing activities of others in the form of their use of the [boats] having systems within the scope of at least one claim of the '099 Patent." *Id.* This was the extent of the allegations. The court held that Plaintiff's "complaint is woefully insufficient to state a claim for patent infringement." *Id.* at *2. The court further stated that Plaintiff "provides no facts to explain in any detail how Fineline allegedly infringed the '099 Patent." *Id.*

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 4

It concluded that "[m]erely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in *Twombly* and *Iqbal*." *Id.* (citing *Medsquire LLC v. Spring Med. Sys., Inc.*, No. 2:11-cv-4504-JHN-PLA, 2011 WL 4101093, at *3 (C.D. Cal. Aug. 31, 2011)).

Here, WCTI's allegations are substantial, and include how Roseburg is using WCTI's patented technology for its own benefit and how Roseburg obtained access to WCTI's patented technology. ECF No. 1. Moreover, WCTI has specifically alleged that each step of Claim 1 of each of the five asserted patents has been infringed. In contrast, in *Mike Murphy's Enterprises*, Plaintiff asserted that Defendant was infringing on "at least one claim" of the patent, but did not point to any specific claim. The Complaint details each step of Claim 1 of the five asserted patents and describes the opportunity that Roseburg had to obtain the technology. This is not a case where the patentee simply named a product and alleged, in conclusory fashion, that the defendant was infringing. Here, WCTI and Roseburg previously had licensor/licensee relationship and WCTI has identified Roseburg as infringing Claim 1 of each patent.

*Control Allegations.* Although the language of the Complaint does not mirror the patent language exactly, WCTI has sufficiently alleged that each step of Claim 1 of the five asserted patents is being infringed. WCTI claims that Roseburg has and continues to infringe the asserted patent "within this district at least by practicing each and every step of Claim 1" of the asserted patent without WCTI's authorization. See ECF No. 1 ¶¶35, 48, 61, 74, 87. Moreover, WCTI recites each step of Claim 1 of each of the five asserted patents that Roseburg is allegedly infringing; this includes the control allegations at issue.

Accordingly, because Roseburg has plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists, Roseburg's Motion to Dismiss, ECF No. 8, is DENIED, in part. *See*

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 5

1 *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v.*
2 *Iqbal*, 556 U.S. 662, 678 (2009)).

### Doe Defendants 1-10

In order to state a claim for joint infringement, a plaintiff must allege additional elements not required of direct infringement cases. *See Lyda*, 838 F.3d at 1338-39. "To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement." *Id.* at 1338. "A claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* at 1339 (citing *Akamai Tech., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

WCTI's allegations fail to state a plausible claim for relief against Doe Defendants 1-10 under a theory of direct joint infringement. WCTI has alleged no facts demonstrating that either that (1) one party exercises direction or control over the others' performance or (2) that the actors form a joint enterprise. *See Lyda*, 838 F.3d at 1339. Moreover, WCTI's allegations that Doe Defendants 1-10 "acted in concert" with Roseburg and that each Doe Defendant was "empowered to act as the agent, servant and/or employees of each of the other Defendants, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants," ECF No. 1. at 2, are insufficient to support a cognizable legal theory of direct joint infringement. *See Mendiondo*, 521 F.3d at 1104. Because WCTI has not alleged facts sufficient to survive a Rule 12(b)(6) motion to dismiss, Roseburg's Motion to Dismiss, ECF No. 8, is GRANTED, in part.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 6

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Dismiss, ECF No. 8, is **DENIED, in part, and GRANTED, in part**.

2. Insofar as WCTI states causes of action against Defendant Roseburg for patent infringement, Defendant's Motion to Dismiss, ECF No. 8, is **DENIED, in part**.

3. Insofar as WCTI states a causes of action against Doe Defendants 1-10, Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED, in part**.

4. Doe Defendants 1-10 are **DISMISSED** from this action.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of January, 2017.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS** + 7